DAVID N. WOLF (6688)
SCOTT R. RYTHER (5540)
DARIN B. GOFF (11355)
VANESSA R. WALSH (16180)
Assistant Utah Attorneys General
DEREK E BROWN (10476)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Telephone: (801) 366-0100
E-mail: dnwolf@agutah.gov
        sryther@agutah.gov
        dgoff@agutah.gov
        vwalsh@agutah.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
IN AND FOR DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTAH VAPOR BUSINESS ASSOCIATION, INC., a Utah nonprofit corporation, and THE SMOKE HOUSE, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>STATE OF UTAH, et al,<br><br>        Defendants. | **ANSWER OF STATE DEFENDANTS**<br><br>Case No. 2:24-CV-00950-DBB-JCB<br><br>Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

## ANSWER

Defendants State of Utah, Utah Department of Health and Human Services, Utah State Tax Commission, Governor Spencer J. Cox, Attorney General Derek E. Brown, and Scott W. Smith (collectively "State Defendants"), hereby respond to the allegations set forth in Complaint in this action set forth below.

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

The Complaint asserts rights based upon, and complains of damages from, the alleged loss of business activities that constitute illegal activity; thus, Plaintiffs' claims are invalid.

The State Defendants admit, deny, and otherwise respond to the allegation of the Complaint as follows:

1. Admit.

2. Admit.

3. Paragraph 3 states legal conclusions rather than facts; the State Defendants therefore deny the allegations of Paragraph 3.

4. Admit that the Utah Department of Health and Human Services operates a website to which Plaintiffs' cite in paragraph 4, but deny the remaining allegations of paragraph 4.

5. For lack of knowledge or information, deny.

6. Denied.

7. For lack of knowledge or information, deny.

8. For lack of knowledge or information, deny.

9. For lack of knowledge regarding the current or precise number of licensed Retail Tobacco Specialty Businesses in Utah, Deny.

10. Admit.

11. For lack of knowledge or information, deny.

12. Paragraph 12 states legal conclusions rather than facts; the State Defendants therefore deny the allegations of Paragraph 12.

13. For lack of knowledge or information, deny.

14. For lack of knowledge or information, deny.

15. For lack of knowledge or information, deny.

16. Admit that Dr. Heather R. Borski testified as quoted in paragraph 16 in a deposition, but deny Plaintiffs' characterization of Dr. Borski's testimony, and deny the remaining allegations of paragraph 16.

17. Admit.

18. Admit.

19. For lack of information or knowledge, deny.

20. Admit that Plaintiff Utah Vapor Business Association represents and advocates on behalf of its members before various bodies, and denies the remaining allegations of Paragraph 20.

21. Admit that the Electronic Cigarette Amendments set forth in S.B. 61 modify the licensure and permitting requirements for RTSBs, the products they can legally sell, compliance

requirements, and penalties for violations of the law, but deny the remaining allegations of paragraph 21.

22. Deny.

23. For lack of knowledge or information, deny.

24. Admit that the Utah State Legislature enacted the Amendments set forth in S.B. 61 and that State agencies and officials are charged with enforcing the provisions, and deny the remaining allegations of Paragraph 24.

25. Admit.

26. Admit that Sean D. Reyes was the Attorney General for the State of Utah at the time when the Complaint was filed in December 2024, affirmatively allege that Derek E. Brown is the current Utah Attorney General, and admit otherwise.

27. Deny, except admit that DHHS's duties are set forth and codified in the Utah Code and that DHHS is headquartered in Salt Lake County, Utah.

28. Admit.

29. Deny, except admit that Tax Commission's duties are set forth and codified in the Utah Code.

30. Admit and affirmatively allege that Deanna Herring has become the new Executive Director subsequent to the filing of the Complaint.

31. Deny.

32. The allegations of paragraph 32 are not directed at these answering Defendants. Accordingly, no response is required.

33. The allegations of paragraph 33 constitute legal conclusions for which no response is required.

34. The allegations of paragraph 34 constitute legal conclusions for which no response is required.

35. Paragraph 35 states legal conclusions rather than alleging facts, therefore the State Defendants deny the allegations of Paragraph 35.

36. The allegations of Paragraph 36 constitute legal conclusions regarding rules not applicable in this Court and therefore the State Defendants deny the allegations set forth in Paragraph 36..

37. For lack of knowledge or information, deny.

38. Admit.

39. Admit.

40. Deny and affirmative allege that the statute referenced in Paragraph 40 speaks for itself.

41. Deny and affirmative allege that the statute referenced in Paragraph 41 speaks for itself.

42. Deny and affirmative allege that the statute referenced in Paragraph 42 speaks for itself.

43. Deny and affirmative allege that the statute referenced in Paragraph 43 speaks for itself.

44. Deny and affirmative allege that the statute referenced in Paragraph 44 speaks for itself.

45. Deny and affirmative allege that the statute referenced in Paragraph 45 speaks for itself.

46. Deny and affirmative allege that the statute referenced in Paragraph 46 speaks for itself.

47. Deny and affirmative allege that the statute referenced in Paragraph 47 speaks for itself.

48. Deny and affirmative allege that the statute referenced in Paragraph 48 speaks for itself.

49. Deny and affirmative allege that the statute referenced in Paragraph 49 speaks for itself.

50. Deny and affirmative allege that the statute referenced in Paragraph 50 speaks for itself.

51. Deny and affirmative allege that the statute referenced in Paragraph 51 speaks for itself.

52. Deny and affirmative allege that the statute referenced in Paragraph 52 speaks for itself.

53. Deny and affirmative allege that the statute referenced in Paragraph 53 speaks for itself.

54. Deny and affirmative allege that the statute referenced in Paragraph 54 speaks for itself.

55. Deny and affirmative allege that the statute referenced in Paragraph 55 speaks for itself.

56. Deny and affirmative allege that the statute referenced in Paragraph 56 speaks for itself.

57. Deny and affirmative allege that the statute referenced in Paragraph 57 speaks for itself.

58. Deny and affirmative allege that the statute referenced in Paragraph 58 speaks for itself.

59. Deny and affirmative allege that the statute referenced in Paragraph 59 speaks for itself.

60. Deny and affirmative allege that the statute referenced in Paragraph 60 speaks for itself.

61. Deny and affirmative allege that the statute referenced in Paragraph 61 speaks for itself.

62. Deny and affirmative allege that the statute referenced in Paragraph 62 speaks for itself.

63. Admit.

64. Deny and affirmative allege that the statute referenced in Paragraph 64 speaks for itself.

65. Deny and affirmative allege that the statute referenced in Paragraph 65 speaks for itself.

66. Deny and affirmative allege that the statute referenced in Paragraph 66 speaks for itself.

67. Deny and affirmatively allege that the statute and the Senate Bill 61 fiscal notes referenced in Paragraph 67 speak for themselves.

68. Admit.

69. Deny.

70. For lack of knowledge or information, deny.

71. Deny.

72. For lack of knowledge or information, deny.

73. Paragraph 73 alleges a legal conclusion for which no response is necessary. To the extent a response is deemed necessary, the provisions setting forth the effective date of the S.B. 61 amendments speak for themselves.

74. Paragraph 74 contains legal conclusions for which no response is necessary. To the extent a response is deemed necessary, the provisions of the Act speak for themselves.

75. Paragraph 75 contains legal conclusions for which no response is necessary. To the extent a response is deemed necessary, the provisions of the Act speak for themselves

76. Paragraph 76 contains legal conclusions for which no response is necessary. To the extent a response is deemed necessary, the provisions of the Act speak for themselves

77. Paragraph 77 contains legal conclusions for which no response is necessary. To the extent a response is deemed necessary, the provisions of the Act speak for themselves

78. Paragraph 78 contains legal conclusions for which no response is necessary. To the extent a response is deemed necessary, the provisions of the Act speak for themselves

79. The allegations of paragraph 79 are not directed at these answering Defendants and contain legal conclusions for which no response is required. To the extent a response is deemed necessary, the provisions of the Act speak for themselves. Defendants further affirmatively allege that the warrantless inspection provisions referenced in Paragraph 79 have been enjoined preliminarily by the Court.

80. Deny and affirmative allege that any statements or comments made by Senator Plumb speak for themselves.

81. Admit that Senator Bramble argued in support of S.B. 61, and otherwise deny the allegations of Paragraph 81.

82. For lack of knowledge or information, deny.

83. Admit, that DHHA adopted Utah Administrative Code R384-418, the content of which speaks for itself.  Defendants lack knowledge and information sufficient to admit or deny the remaining allegations of paragraph 83, and therefore deny the same.

84. Defendants admit that in *VIP Vapors of Orem, LLC et al. vs. Jospeh K. Miner et al*, Case No. 190908334, Judge Kelly issued a memorandum decision and temporary restraining order, the content of which speaks for itself.

85. Deny and affirmatively allege that Judge Kelly's Memorandum Decision in an earlier lawsuit speaks for itself.

86. Deny and affirmatively allege that Judge Kelly's Memorandum Decision in an earlier lawsuit speaks for itself.

87. Defendants admit that in *VIP Vapors of Orem, LLC et al. vs. Jospeh K. Miner et al*, Case No. 190908334, Judge Kelly issued a memorandum decision and temporary restraining order, the content of which speaks for itself.

88. Admit.

89. Admit.

90. Admit.

91. Admit.

92. Admit that DHHS published the 3% rule, and deny all other allegations set forth in Paragraph 92.

93. Admit.

94. Admit that Braden Ainsworth testified as quoted in Paragraph 94, and deny all other allegations of Paragraph 94.

95. Admit that Braden Ainsworth testified as quoted in Paragraph 95, and deny all other allegations of Paragraph 95.

96. Admit that Braden Ainsworth testified as quoted in Paragraph 96, and deny all other allegations of Paragraph 96.

97. Admit that Braden Ainsworth testified as quoted in Paragraph 97, and deny all other allegations of Paragraph 97.

98. Paragraph 98 asserts legal conclusions to which no response is required, thus the State Defendants deny them.

99. Deny.

100. Admit that Braden Ainsworth testified as quoted in Paragraph 100, and deny all other allegations of Paragraph 100.

101. Admit UVBA and DHHS entered into a settlement agreement, the content of which speaks for itself.

102. Deny.

103. The allegations contained in paragraph 103 are not directed at these answering Defendants, so no response is required.  To the extent a response is deemed necessary, Defendants admit that the FDA has approved more than 10 products with nicotine content above 4%, but Defendants lack knowledge and information sufficient to admit or deny the remaining allegations in paragraph 103 and therefore deny the same.

*104.*    Deny and affirmatively allege that the Supreme Court of the United States vacated the Fifth Circuit's decision. *See Food and Drug Administration v. Wages and White Lion Investments, L.L.C., dba Triton Distribution, et al.* 2025 WL 978101.

105.    Deny and affirmatively allege that the Supreme Court of the United States vacated the Fifth Circuit's decision. *See Food and Drug Administration v. Wages and White Lion Investments, L.L.C., dba Triton Distribution, et al.* 2025 WL 978101.

106.    Deny and affirmatively allege that the Supreme Court of the United States vacated the Fifth Circuit's decision. *See Food and Drug Administration v. Wages and White Lion Investments, L.L.C., dba Triton Distribution, et al.* 2025 WL 978101.

107.    Deny and affirmatively allege that the Supreme Court of the United States vacated the Fifth Circuit's decision. *See Food and Drug Administration v. Wages and White Lion Investments, L.L.C., dba Triton Distribution, et al.* 2025 WL 978101.

108.    Deny and affirmatively allege that the Fifth Circuit's decision speaks for itself and that the Supreme Court of the United States vacated the Fifth Circuit's decision. *See Food and Drug Administration v. Wages and White Lion Investments, L.L.C., dba Triton Distribution, et al.* 2025 WL 978101.

109.    Deny and affirmatively allege that the Fifth Circuit's decision speaks for itself and that the Supreme Court of the United States vacated the Fifth Circuit's decision. *See Food and Drug Administration v. Wages and White Lion Investments, L.L.C., dba Triton Distribution, et al.* 2025 WL 978101.

110.    Deny and affirmatively allege that the Fifth Circuit's decision speaks for itself and that the Supreme Court of the United States vacated the Fifth Circuit's decision. *See Food

*and Drug Administration v. Wages and White Lion Investments, L.L.C., dba Triton Distribution, et al.* 2025 WL 978101.

111.     Deny and affirmatively allege that the Fifth Circuit's decision speaks for itself and that the Supreme Court of the United States vacated the Fifth Circuit's decision. *See Food and Drug Administration v. Wages and White Lion Investments, L.L.C., dba Triton Distribution, et al.* 2025 WL 978101.

112.     Admit that oral argument was scheduled as alleged, but deny otherwise and affirmatively allege that the Supreme Court of the United States vacated the Fifth Circuit's decision. *See Food and Drug Administration v. Wages and White Lion Investments, L.L.C., dba Triton Distribution, et al.* 2025 WL 978101.

113.     Paragraph 113 contains speculative legal conclusions for which no response is necessary.  To the extent a response is deemed necessary, Defendants lack knowledge and information sufficient to admit or deny the allegations in paragraph 113 and therefore deny the same.

114.     Admit that on September 5, 2024, the United States Centers for Disease Control published a press release tiled "Youth E-Cigarette Use Drops to Lowest Level in a Decade," the content of which speaks for itself.

115.     In response to the allegations contained in paragraph 115, Defendants state that every two years, DHHS releases a Student Health and Risk Prevention Survey, the content of which speaks for itself.

116.     Admit.

117.	In response to the allegations contained in paragraph 117, the content of the SHARP survey speaks for itself.

118.	In response to the allegations contained in paragraph 118, the content of the SHARP survey speaks for itself.

119.	In response to the allegations contained in paragraph 119, the content of the SHARP survey speaks for itself.

120.	In response to the allegations contained in paragraph 120, the content of the SHARP survey speaks for itself.

121.	In response to the allegations contained in paragraph 121, the content of the SHARP survey speaks for itself.

122.	Deny that DHHS "often misleadingly uses the terminology of "current" youth e-cigarette use to describe "Past 30-day use." In response to the remaining allegations of Paragraph 122, the content of the SHARP survey speaks for itself.

123.	Deny.

124.	In response to the allegations contained in paragraph 124, the content of the SHARP survey speaks for itself

125.	 In response to the allegations contained in paragraph 125, the content of the SHARP survey speaks for itself

126.	Admit that on August 21, 2024, Mr. Ainsworth testified before the Health and Human Services Interim Committee and that the content of his testimony speaks for itself.

127.	Paragraph 127 contains legal conclusions for which no response is necessary.  To the extent a response is deemed necessary, Defendants admit that on August 21, 2024, Mr.

Ainsworth testified before the Health and Human Services Interim Committee and deny the remining allegations.

128.    In response to the allegations contained in paragraph 128, the content of the 2023 SHARP survey speaks for itself.

129.    Deny that IBIS "conflates 'current' youth e-cigarette use and 'current' adult e-cigarette use, and admit the remaining allegations of Paragraph 129.

130.    In response to allegations contained in 130, the content of IBIS and the SHARP survey speak for themselves.

131.    Admit that DHHS has expressed concerns that youth e-cigarette use will lead to an increase in Utah's youth smoking combustible cigarettes.  In response to the remaining allegations contained in paragraph 131, the content of the 2023 SHARP survey speaks for itself

132.    IBIS data speaks for itself.

133.    For lack of knowledge or information, deny.

134.    2023 SHARP survey speaks for itself.

135.    Dr. Borski's testimony speaks fort itself.

136.    2023 SHARP survey speaks for itself.

137.    Paragraph 137 contains legal conclusions for which no response is necessary.  To the extent a response is deemed necessary, the provisions of Utah Code § 32B-1-202(2)(a)(i)–(ii) speak for themselves

138.    Admit.

139.    Admit.

140.      Admit.

141.      Admit.

142.      Admit.

143.      Admit.

144.      For lack of knowledge or information, deny, and affirmatively allege that the registry speaks for itself.

145.      For lack of knowledge or information, deny.

146.      For lack of knowledge or information, deny.

147.      For lack of knowledge or information, deny.

148.      For lack of knowledge or information, deny.

149.      Deny.

150.      For lack of knowledge or information, deny.

151.      Deny and allege that the document referenced in Paragraph 151 speaks for itself.

152.      Deny.

153.      Deny.

154.      For lack of knowledge or information, deny.

155.      Admit that Dr. Borski testified as quoted in Paragraph 155, and deny the remaining allegations of Paragraph 155.

156.      Deny that DHHS or the Legislature have engaged in "misuse" of "rhetoric," admit that Senator Plumb used the graphic shown in Paragraph 156, and deny all other allegations of Paragraph 156.

157.    Admit that Sen. Plumb testified during the Senate Committee hearing on SB61 and that her testimony speaks for itself.

158.    Admit that Sen. Plumb testified during the Senate Committee hearing on SB61 and that both her testimony and DHHS's website, seethroughthevape.org speak for themselves.

159.    Admit that Sen. Plumb testified during the Senate Committee hearing on SB61 and that her testimony speaks for itself

160.    Admit that DHHS updates the website referenced in Paragraph 160, and deny the remaining allegations of Paragraph 160.

161.    Admit that the graphic depicted in Paragraph 161 was displayed at the website referenced, and deny the remaining allegations of Paragraph 161.

162.    Deny that DHHS "knows" the cause of EVALI, admit that Dr. Borski testified as quoted, and deny all remaining allegations of Paragraph 162.

163.    Admit that Dr. Borski testified as quoted and deny all remaining allegations of Paragraph 163.

164.    The allegations contained in paragraph 164 are not directed at these answering Defendants, so no response is required.  To the extent a response is deemed necessary, the investigations conducted by the CDC, including their conclusions, speak for themselves.

165.    Deny that DHHS has "misinformed" the public, admit that DHHS provided a powerpoint presentation, and deny the remaining allegations of Paragraph 165.

166.    The content of DHHS's presentation on May 17, 2021 speaks for itself.

167.    The content of Mr. Ainsworth's declaration speaks for itself.

168.    The content of the TruthInitiative.org link DHHS cited in the Administrative Rules Review Committee and the content of Mr. Ainsworth's declaration speaks for itself, as does the JUUL website.

169.    The allegations contained in paragraph 169 are not directed at these answering Defendants, so no response is required.  To the extent a response is deemed necessary, the referenced report authored by the National Library of Medicine speaks for itself.

170.    Admit that Mr. Ainsworth testified as quoted in Paragraph 170, and deny the remaining allegations of Paragraph 170.

171.    Admit that Dr. Borski testified as quoted in Paragraph 171 and deny the remaining allegations of Paragraph 171.

172.    Admit that Dr. Borski testified as quoted in Paragraph 172 and deny the remaining allegations of Paragraph 172.

173.    Admit.

174.    The content of the Eaton Study speaks for itself.

175.    The content of the Eaton Study speaks for itself and deny the remaining allegations of Paragraph 175.

176.    The content of the Eaton Study speaks for itself and deny the remaining allegations.

177.    The content of the Eaton Study speaks for itself and deny the remaining allegations.

178.    The content of the Eaton Study speaks for itself and deny the remaining allegations.

179.    The content of the Eaton Study speaks for itself and deny the remaining allegations.

180.    The content of the Eaton Study speaks for itself and deny the remaining allegations.

181.    The content of the Eaton Study speaks for itself and deny the remaining allegations.

182.     The content of the Eaton Study and Dr. Borsky's testimony speaks for itself and deny the remaining allegations.

183.     Admit that Dr. Borski testified as quoted in Paragraph 183 and deny the remaining allegations of Paragraph 183.

184.     For lack of knowledge or information, deny.

185.     Admit that Plaintiffs incorporate their earlier Paragraphs as if fully set forth in Paragraph 185 but deny to the extent that Plaintiffs reallege matters in paragraphs denied by the State Defendants.

186.     Admit.

187.     Paragraph 187 alleges legal conclusions to which the State Defendants need not respond and the State Defendants therefore deny the allegations of Paragraph 187.

188.     Admit.

189.     Admit.

190.     Admit.

191.     Paragraph 191 alleges legal conclusions to which the State Defendants need not respond and the State Defendants therefore deny the allegations of Paragraph 191.

192.     Paragraph 192 asserts legal conclusions regarding the meaning of 21 U.S.C. § 387p, which conclusions require no response from the State Defendants. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 192.

193.     Paragraph 193 asserts legal conclusions regarding the meaning of 21 U.S.C. § 387p, which conclusions require no response from the State Defendants.

194.    Paragraph 194 contains legal conclusions for which no response is necessary.  To the extent a response is deemed necessary, the provisions of Utah Code § 76-10-113(3) speak for themselves

195.    Paragraph 195 contains legal conclusions for which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 195.

196.    Deny.

197.    Deny.

198.    Admit that Plaintiffs repeat and reallege their Paragraphs 1-197, but deny to the extent that Plaintiffs incorporate allegations of paragraphs denied by the State Defendants.

199.    Paragraph 199 contains legal conclusions for which no response is necessary.  To the extent a response is deemed necessary, deny the remaining allegations of Paragraph 199.

200.    Paragraph 200 contains legal conclusions for which no response is necessary.  To the extent a response is deemed necessary, deny the remaining allegations of Paragraph 200.

201.    Paragraph 201 alleges legal conclusions to which the State Defendants need not respond.

202.    The allegations contained in paragraph 202 are not directed at these answering Defendants, so no response is required.  The allegations contained in paragraph 202 contain legal conclusions, so no response is required.  To the extent a response is deemed necessary, the provisions of Utah Code § 26A-1-131(1)(b) speak for themselves and Defendants affirmatively allege that the provisions of S.B. 61 referred to in Paragraph 202 have been preliminarily enjoined in this case.

203.     The allegations contained in paragraph 203 contain legal conclusions, so no response is required.  To the extent a response is deemed necessary, the provisions of Utah Code § 26A-1-131 speak for themselves and Defendants affirmatively allege that the provisions of S.B. 61 referred to in Paragraph 203 have been preliminarily enjoined.

204.     The allegations contained in paragraph 204 contain legal conclusions, so no response is required.  To the extent a response is deemed necessary, the provisions of Utah Code § 26A-1-131(1)(e)-(f) speak for themselves and Defendants affirmatively allege that the provisions of S.B. 61 referred to in Paragraph 204 have been preliminarily enjoined.

205.     Deny.

206.     For lack of knowledge or information, deny.

207.     Deny.

208.     Deny.

209.     Deny.

210.     Deny.

211.     Deny.

212.     The allegations contained in paragraph 212 contain legal conclusions, so no response is required.

213.     Deny.

214.     Admit that Plaintiffs repeat and reallege their Paragraphs 1-213, but deny to the extent that Plaintiffs incorporate allegations of paragraphs denied by the State Defendants.

215.     The allegations contained in paragraph 215 contain legal conclusions, so no response is required.

216.    The allegations contained in paragraph 216 contain legal conclusions, so no response is required. To the extent a response is deemed necessary, the provisions of Utah Code § 63G-3-301(5) speak for themselves

217.    The allegations contained in paragraph 217 contain legal conclusions, so no response is required. To the extent a response is deemed necessary, the provisions of Utah Code § 63G-3-301(6) speak for themselves

218.    The allegations contained in paragraph 218 contain legal conclusions, so no response is required. To the extent a response is deemed necessary, the provisions of Utah's Administrative Rulemaking Act speak for themselves.

219.    The allegations contained in paragraph 219 contain legal conclusions, so no response is required. To the extent a response is deemed necessary, the provisions of Utah's Administrative Rulemaking Act speak for themselves.

220.    Admit, but affirmatively allege that the rules proposed in November 2024 by DHHS were never finalized or adopted. Admit that in November 2024 DHHS proposed the 2024 Administrative Rules, but affirmatively allege that the proposed DHHS rule referenced in Paragraph 221 was never finalized or adopted and deny the remaining allegations.

221.    Admit that DHHS proposed the 2024 Administrative Rule but affirmatively allege that the proposed DHHS rule referenced in Paragraph 221 was never finalized or adopted and deny the remaining allegations.

222.    Admit, but affirmatively allege that the rules proposed in November 2024 by DHHS were never finalized or adopted.

223.    Deny.

224.    For lack of knowledge or information, deny.

225.    Deny.

226.    Paragraph 226 sets forth a request for relief rather than alleging facts, thus the State Defendants deny all statements set forth in Paragraph 226.

227.    Deny.

228.    Deny.

229.    Admit that Plaintiffs repeat and reallege their Paragraphs 1-228, but deny to the extent that Plaintiffs incorporate allegations of paragraphs denied by the State Defendants.

230.    Deny.

231.    Paragraph 231 states legal conclusions rather than facts, to which no response is necessary.

232.    Paragraph 232 states legal conclusions rather than facts, to which no response is necessary.

233.    Paragraph 233 states legal conclusions rather than facts, to which no response is necessary.

234.    Paragraph 234 states legal conclusions rather than facts, to which no response is necessary.

235.    Paragraph 235 states legal conclusions rather than facts, to which no response is necessary.

236.    Paragraph 236 states legal conclusions rather than facts, to which no response is necessary.

237.    Deny.

238.     For lack of knowledge or information, deny.

239.     For lack of knowledge or information, deny.

240.     Deny.

241.     For lack of knowledge or information, deny.

242.     Deny.

243.     Deny.

244.     Deny.

245.     Deny.

246.     Deny.

247.     Deny.

248.     Deny.

249.     Deny.

250.     Defendants deny each and every allegation contained in Plaintiffs' complaint not

expressly admitted herein.

## RESPONSE TO PRAYER FOR RELIEF

1.     State Defendants deny all allegations set forth in Paragraphs 1-6 of the Prayer for

relief and deny that Plaintiffs are entitled to any relief.

RESPECTFULLY SUBMITTED THIS 28th day of April, 2025.

OFFICE OF THE UTAH ATTORNEY GENERAL

*/s/ Scott R. Ryther*
DAVID N. WOLF
SCOTT R. RYTHER
DARIN B. GOFF
VANESSA R. WALSH
Assistant Utah Attorneys General
Attorneys for Defendants